IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JESUS HERNANDEZ,<br>K66549,<br><br>      Plaintiff,<br><br>vs.<br><br>DANIEL MONTI,<br>CHRISTINA VINEYARD,<br>WEXFORD HEALTH SOLUTIONS,<br><br>      Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)   Case No. 24-cv-1216-RJD<br>)<br>)<br>)<br>)<br>)<br>) |

## MEMORANDUM AND ORDER

**DALY, Magistrate Judge:**

Plaintiff Jesus Hernandez, an inmate of the Illinois Department of Corrections (IDOC) currently detained at Centralia Correctional Center (Centralia), brings this civil rights action pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights. (Doc. 16). Specifically, Plaintiff alleges that he has received insufficient medical care for a fractured nose since 2021.

The Amended Complaint (Doc. 16) is now before the Court[1] for preliminary review pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a)-(b). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations of the *pro se*

---

[1] The Court has jurisdiction to resolve Plaintiff's motions and to screen his Complaint in light of his consent to the full jurisdiction of a magistrate judge and the Illinois Department of Corrections' and Wexford's limited consent to the exercise of magistrate judge jurisdiction as set forth in the Memorandums of Understanding between the Illinois Department of Corrections and Wexford and this Court.

complaint are to be liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## THE COMPLAINT

Plaintiff alleges that his nose was broken when he was assaulted on December 19, 2021. (Doc. 16 at 4). At the hospital he was diagnosed with a fractured nose. In March of 2022, Plaintiff was transferred to Centralia where he has continued to suffer problems associated with his fractured nose, such as repeated nose bleeds, trouble breathing, and trouble sleeping due to pain. (Doc. 16 at 4-5). Plaintiff made healthcare requests and was eventually referred to a specialist in June of 2022. The specialist directed x-rays and a CT, which were eventually performed in October of 2022 at an outside hospital. In December of 2022 and September of 2023, Plaintiff was sent to specialist follow-up appointments to discuss the imaging results, but the prison failed to send the images, so the appointments were fruitless. (Doc. 16 at 6-8). On both occasions, Plaintiff informed Defendant Christina Vineyard that the appointments were fruitless because the prison failed to send the images, and she indicated he would have to be rescheduled. Plaintiff alleges that at a fifth appointment on March 7, 2024, he was seen by the specialist to schedule surgery. (Doc. 16 at 8).

Plaintiff alleges that as a result of Defendant Wexford's negligence, he suffered continuous pain, difficulty sleeping, permanent nerve damage, and countless ear infections. (Doc. 16 at 8-9). He alleges he filed numerous emergency grievances alerting Defendants Monti and Vineyard to the negligence of Wexford's staff and his need for care, to no avail. (Doc. 16 at 9). He further alleges that Vineyard failed to adequately supervise healthcare staff as the healthcare unit administrator, and Monti failed to supervise Vineyard. (Doc. 16 at 9-10). He claims the Defendants' actions have delayed his access to care and have caused prolonged suffering.

Based on the allegations in the Amended Complaint, the Court will designate the following claim:

**Claim 1:** **Eighth Amendment deliberate indifference claim against Defendants Vineyard and Monti for their role in denying or delaying Plaintiff care for his fractured nose;**

The parties and the Court will use these designations in all future pleadings and orders unless otherwise directed by a judicial officer of this Court. Any claim that is mentioned in the Complaint but not addressed in this Order is considered dismissed without prejudice as inadequately pled under *Twombly*. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim that is plausible on its face").

## PRELIMINARY DISMISSALS

In the case caption, Plaintiff named Wexford Health Solutions as a defendant, but his direct allegations against Wexford are limited. He claims Wexford was negligent to his need for care but does not associate the negligence with a specific policy, practice, or custom. Wexford is a private corporation that cannot be held liable under § 1983 unless the constitutional violation was caused by an unconstitutional policy or custom of the corporation itself. *Shields v. Illinois Dept. of Corrections*, 746 F.3d 782, 789 (7th Cir. 2014); *see also Monell v. Department of Social Services of City of New York*, 436 U.S. 658 (1978). Thus, under *Monell*, for Plaintiff to recover from Wexford, he must show that the alleged constitutional violation was caused by: (1) an express policy that caused a constitutional deprivation when enforced; (2) a widespread practice that was so permanent and well-settled that it constituted a custom or practice; or (3) a person with final policymaking authority. *Dean v. Wexford Health Sources, Inc.*, 18 F.4th 214, 235 (7th Cir. 2021). Plaintiff does not have any allegations that suggest a constitutionally deficient policy, custom, or

practice by Wexford, so he has not stated a *Monell* claim. At most he suggests he was sent a few times to appointments without proper imaging results, but he does not distinguish if this was an isolated problem or a widespread practice. Wexford cannot be held responsible via *respondeat superior* liability for potential misdeeds of individual employees, so these allegations are insufficient to proceed under *Monell*. *See e.g., Shields v. Illinois Dept. of Corr.*, 746 F.3d 782, 789 (7th Cir. 2014) (a private corporation cannot be held liable under § 1983 unless the constitutional violation was caused by the corporation itself, and not simply by acts of its employees). Defendant Wexford will be dismissed without prejudice because Plaintiff has not pled an adequate claim against the entity.

## ANALYSIS

Plaintiff's claims that multiple follow-up appointments with a specialist were fruitless because the prison failed to send imaging results with him, and after each appointment he informed Defendant Vineyard of the problem and the delay. He also claims he repeatedly notified Defendants Vineyard and Monti via emergency grievances that his care was being delayed. To state a claim for deliberate indifference to a serious medical need, an inmate must show that (1) he suffered from an objectively serious medical condition; and (2) the defendant was deliberately indifferent to a risk of serious harm from that condition. *Rasho v. Elyea*, 856 F.3d 469, 475-76 (7th Cir. 2017). For non-medical prison officials, such as administrators, an inmate may establish a claim of deliberate indifference if he can demonstrate that an official recklessly turned a blind eye to his serious medical need, or otherwise failed to exercise their authority to investigate and remedy the situation. *See e.g., Perez v. Fenoglio*, 792 F.3d 768, 781-82 (7th Cir. 2015). However, if an administrator does investigate and is informed by medical professionals that care is ongoing, then they may reasonably rely on the judgment of medical professionals. *See e.g., Hayes v. Snyder*,

546 F.3d 516, 527-28 (7th Cir. 2008) (administrators who promptly responded to an inmate's correspondence about deficient care, investigated, and then relied on the judgment of treating providers, were not deliberately indifferent).

At this preliminary juncture, Plaintiff's allegations are sufficient to suggest he notified Vineyard and Monti of a persistent problem securing care, and they failed to investigate or intervene. He alleges the delays caused him to continue to suffer in pain. Ultimately, the claims against Monti and Vineyard will turn on a close examination of the information they received from Plaintiff and their handling of the situation, but on the face of the complaint the information is sufficient to survive initial review. By contrast, to the extent that Plaintiff faults Monti and Vineyard solely for failing to supervise others, this assertion is insufficient because there is no supervisory liability under § 1983. *See e.g., Vinning-El v. Evans*, 657 F.3d 591, 592 (7th Cir. 2011) (there is no supervisory liability under § 1983, and individuals may only be held responsible for their personal misdeeds). Thus, Plaintiff may proceed on Claim 1 against Defendants Monti and Vineyard limited to their personal actions, and not based on their mere role as supervisors.

### DISPOSITION

**IT IS HEREBY ORDERED THAT Claims 1** of the Amended Complaint (Doc. 16) survive initial screening as described above against Defendants Christina Vineyard and Daniel Monti. By contrast, Plaintiff has failed to state a claim against Wexford Health Solutions and the Clerk of Court is **DIRECTED** to **TERMINATE** Defendant Wexford Health Solutions.

The Clerk of Court is **DIRECTED** to prepare for Christina Vineyard and Daniel Monti: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Amended Complaint (Doc. 16), and this Memorandum and Order to Defendants' place of

employment as identified by Plaintiff. If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a Defendant cannot be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). **Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merits Review Order.**

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* was granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that he is under a continuing obligation to inform the Clerk of Court and each opposing party of any address changes; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than 14 days after a transfer or other change of address occurs. Failure to comply with this order will cause a delay in the transmission

of court documents and may result in dismissal of this action for failure to prosecute. FED. R. CIV. P. 41(b).

Based on the allegations in the Complaint, the Clerk of Court is **DIRECTED** to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

**IT IS SO ORDERED.**

Dated: February 27, 2025

*s/ Reona J. Daly*
**Reona J. Daly**
**United States Magistrate Judge**

### NOTICE TO PLAINTIFF

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to the complaint. It will likely take at least 60 days from the date of this Order to receive the defendants' Answers, but it is entirely possible that it will take 90 days or more. When all of the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time, unless otherwise directed by the Court.

The Court wishes to remind the Plaintiff that litigation is often viewed a series of hurdles that the Plaintiff must clear to get to another hurdle. Initial screening is such a hurdle, but it is a very low one for the Plaintiff to clear. As noted above, surviving initial screening only requires the bare statement of a claim that, if proven, could entitle Plaintiff to some relief. At trial, he will need to prove by a preponderance of evidence that the facts alleged actually occurred and that those facts satisfy the legal requirements for recovery. Trial is the highest and most difficult of hurdles for any Plaintiff to clear.